------------------------------------------------------------ x

DEBRA FELDMAN,              :

                                  :      Civil Action No. 1:14-CV-12279

            Plaintiff,      :

                                    :

          - against -      :

                                    :

JUDGE DOUGLAS P. WOODLOCK, NEWS  :
CORPORATION, TWENTIETH CENTURY  :
FOX, TWENTIETH CENTURY FOX  :
TELEVISION, TWENTIETH CENTURY FOX  :
GROUP, NBC UNIVERSAL, INC., KEVIN  :
FALLS, UNITED TALENT AGENCY, Wm.  :
MORRIS ENDEAVOR ENTERTAINMENT,  :
MARC KORMAN, SHONDA RHIMES,  :
DELUXE PICTURES INC., MARK GORDON,  :
GREG BERLANTI, MARC GUGGENHEIM,  :
AMERICAN BROADCASTING COMPANIES,  :
INC., TOUCHSTONE TELEVISION  :
PRODUCTIONS, THE WALT DISNEY  :
COMPANY, FOLEY HOAG, LLP, MICHAEL  :
BOUDETT, JEFFREY FOLLETT, ELISA  :
NETHERCOTT, PAUL BORK, McCARTER &  :
ENGLISH, LLP, KARA ANN LYNCH, ERIC  :
BELT, DAVIS WRIGHT TREMAINE LLP,  :
ELIZABETH McNAMARA, MONICA PA,  :
BROWN RUDNICK LLP, ELIZABETH  :
RITVO, STEVEN VEENEMA, THOMAS  :
EVANS, ZELLE McDONOUGH & COHEN  :
LLP, AND DOES 1-75,  :

                :

          Defendants.     :

------------------------------------------------------------ x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT BY DEFENDANTS TWENTIETH CENTURY FOX FILM CORPORATION, NEWS CORP, NBCUNIVERSAL MEDIA, LLC, KEVIN FALLS, DAVIS WRIGHT TREMAINE LLP, ELIZABETH McNAMARA, MONICA PA, BROWN RUDNICK LLP, ELIZABETH <u>RITVO, AND STEVEN VEENEMA</u>

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ................................................................................1

FACTS ..................................................................................................................2

      A.    Judge Woodlock Dismisses Feldman's Previous Action. ......................................2

      B.    Feldman Engages in Vexatious Litigation Conduct. ..............................................5

      C.    In Her New Action, Feldman Seeks to Re-Litigate Her Claims. ..........................5

ARGUMENT ..........................................................................................................7

I.    FELDMAN'S CLAIMS SHOULD BE DISMISSED BECAUSE HER
COMPLAINT DOES NOT SATISFY BASIC PLEADING REQUIREMENTS .............7

II.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE FELDMAN MAY
NOT RE-LITIGATE HER PREVIOUS ACTION ........................................11

III.    FELDMAN SHOULD BE ENJOINED FROM MAKING ADDITIONAL
FILINGS WITHOUT LEAVE OF COURT ................................................13

CONCLUSION.......................................................................................................14

**TABLE OF AUTHORITIES**

**Cases**                                                                    **Page(s)**

*A.G. ex rel. Maddox v. v. Elsevier, Inc.*,
   732 F.3d 77 (1st Cir. 2013) ................................................................. 7

*Air Sunshine, Inc. v. Carl*,
   663 F.3d 27 (1st Cir. 2011) ............................................................. 8, 11

*Artuso v. Vertex Pharm., Inc.*,
   637 F.3d 1 (1st Cir. 2011) .................................................................. 8

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937 (2009) .................................................. 7

*Banco Santander de P.R. v. Lopez-Stubbe (In re Colonial Mortgage Bankers Corp.)*,
   324 F.3d 12 (1st Cir. 2003) ............................................................... 12

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955 (2007) ............................................... 7, 9

*Breneman v. US ex rel. FAA*,
   381 F.3d 33 (1st Cir. 2004) ........................................................... 11, 12

*Calden v. Arnold Worldwide LLC*,
   No. 12-10874-FDS, 2012 WL 5964576 (D. Mass. Nov. 27, 2012) .................... 10

*Castro v. U.S.*,
   775 F.2d 399 (1st Cir. 1985) ............................................................. 13

*Cruz v. Savage*,
   896 F.2d 626 (1st Cir. 1990) ............................................................. 13

*Davis Wright & Jones v. National Union Fire Ins.*,
   709 F. Supp. 196 (W.D. Wa., 1989), *aff'd*, 897 F.2d 1021 (9th Cir. 1990) ......... 12

*Dunn v. Brown*,
   No. 10-11383-FDS, 2011 WL 4499007 (D. Mass. Aug. 16, 2011) .................... 10

*Feldman v. Twentieth Century Fox, et al.*,
   Civil Action No. 09-cv-10714 .......................................................... 2, 9

*Feldman v. Twentieth Century Fox Film Corp.*,
   723 F. Supp. 2d 357 (D. Mass. 2010) .............................................. 3, 4, 10

*FLOORgraphics v. News America Marketing In-Store Servs. Inc. et. al.*,
  546 F. Supp. 2d 155 (D.N.J. 2008) ...................................................................9

*Gagliardi v. Sullivan,*
  513 F.3d 301 (1st Cir. 2008)........................................................... 8, 10, 11

*Isaac v. Schwartz,*
  706 F.2d 15 (1st Cir. 1983)...................................................................11

*Jones v. Soc. Sec. Admin.*,
  No. 03-12436-DPW, 2004 WL 2915290 (D. Mass. Dec. 14, 2004), *aff'd*, 150
  F. App'x 1 (1st Cir. 2005)...................................................................13

*McGee v. Benjamin*,
  No. 08-11818, 2012 WL 959377 (D. Mass. March 20, 2012)............................................10

*Morales-Cruz v. Univ. of P.R.,*
  676 F.3d 220 (1st Cir. 2012)...................................................................8

*Pavilonis v. King*,
  626 F.2d 1075 (1st Cir. 1980)...................................................................13

*Peñalbert-Rosa v. Foruno-Burset*,
  631 F.3d 592 (1st Cir. 2011)...................................................................8

*Steele v. Turner Broad. Sys., Inc., et al.*,
  607 F. Supp. 2d 258 (D. Mass. 2009)...................................................................10

*Thomas v. Rhode Island*,
  542 F.3d 944 (1st Cir. 2008)...................................................................9

*U.S. v. Boch Oldsmobile, Inc.*,
  909 F.2d 657 (1st Cir. 1990)...................................................................11

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) ...................................................................7

Fed. R. Civ. P. 12(b)(6)...................................................................1

Fed. R. Civ. P. 56(c)...................................................................1

Fed. R. Civ. P. 60...................................................................1

Defendants Twentieth Century Fox Film Corporation (which was erroneously named as "Twentieth Century Fox," "Twentieth Century Fox Television," and "Twentieth Century Fox Group"),[1] News Corp, NBCUniversal Media, LLC, Kevin Falls, Davis Wright Tremaine LLP, Elizabeth McNamara, Monica Pa, Brown Rudnick LLP, Elizabeth Ritvo and Steven Veenema, hereby submit this memorandum of law in support of their motion pursuant to Fed. R. Civ. P., Rule 12(b)(6), for an order dismissing the Complaint, or in the alternative for summary judgment pursuant to Fed. R. Civ. P., Rule 56(c), and their request that this Court enjoin the Plaintiff from making additional filings without leave of Court.

## PRELIMINARY STATEMENT

Plaintiff Debra Feldman ("Feldman") brings this action against United States District Court Judge Woodlock, who dismissed her frivolous copyright action four years ago, as well as against the defendants from that previous action, *and* the counsel who represented them. Feldman exhausted all appeals of that dismissal to the Court of Appeals for the First Circuit and the United States Supreme Court years ago. Despite finality, Feldman was still determined to press her claims, filing and then appealing Fed. R. Civ. P. 60 motions, arguing, among other claims, that her action should be reinstated because there was fraud on the court. Those motions, like those that preceded them, were dismissed as without merit.

The model of a vexatious litigant, Feldman is back, filing a new wave of actions, making the same arguments, and contending that Judge Woodlock erred in dismissing her claims. But her already incredible prior allegations have escalated to a new level and include such unfounded and entirely implausible contentions as that defendants engaged in a "cooperative scheme" with

---

[1] Defendant Twentieth Century Fox Film Corporation was erroneously named as "Twentieth Century Fox" "Twentieth Century Fox Group," and "Twentieth Century Fox Television." The latter is a division of Twentieth Century Fox Film Corporation but the two other named defendants are neither divisions of Twentieth Century Fox Film Corporation, nor are they corporate entities. Also, as of July 28, 2013, Defendant Twentieth Century Fox Film Corporation and its division Twentieth Century Fox Television, which produced the Fox TV show *Journeyman*, are no longer part of defendant News Corp.

Judge Woodlock (Compl. at ¶¶ 82-94), through which Judge Woodlock engaged in *ex parte* depositions of defendants (*id.* at ¶ 82), defendants and the judge manufactured facts (*id.* at ¶¶ 90-92), and defendants and the judge concealed information from the First Circuit (*id.* at ¶ 97). This is conspiracy on top of conspiracy, as Feldman's original complaint claimed that the defendants had somehow accessed her personal letters and manuscripts stored on her computer and listened in on private telephone conversations in order to use details of her personal life in their television programs.

As set forth more fully below, the claims in Feldman's Complaint are not plausible. Her sweeping allegations, consisting of raw speculation about fantastical conspiracies, do not satisfy the Court's pleading standards. In addition, Feldman is seeking to re-litigate the very same claims rejected by this Court and the First Circuit under the guise of incomprehensible new claims. Finally, having already litigated her claims, her action is barred by *res judicata*.

<u>**FACTS**</u>

**A.      Judge Woodlock Dismisses Feldman's Previous Action.**

In May 2009, Feldman filed a lawsuit (*Feldman v. Twentieth Century Fox, et al.*, Civil Action No. 09-cv-10714, D. Mass.) against fourteen defendants, including a number of competing television studios, agents, and writers, alleging a vast conspiracy of copyright infringement, misappropriation, unfair competition, and unjust enrichment. *See* Declaration of Jessica Lu ("Lu Decl."), at ¶ 2, Ex. A. Her complaint was built on a theory, devoid of any factual predicate, that the defendants "could" have hacked into her personal computer and stolen the "singular and intimate details of [her] life, her personal medical history and letters," and that as a result, her "literary works and life have been disseminated throughout Hollywood as fodder for an assortment of shows and ideas to which she was given no credit or remuneration." *Id.* at ¶ 118.

2

More specifically, Feldman's complaint claimed that the television series *Journeyman*, which was produced by Twentieth Century Fox Film Corporation, News Corp, NBCUniversal Media, LLC, and Kevin Falls, (collectively, the "Fox Defendants") infringed her copyright in a series of books she wrote, called the *Overlap Series*.[2]  *See Feldman v. Twentieth Century Fox Film Corp.*, 723 F. Supp. 2d 357, 360-62 (D. Mass. 2010) (hereinafter, the "Decision").  The Fox Defendants were represented by the law firm of Davis Wright Tremaine LLP, and specifically by attorneys Elizabeth McNamara and Monica Pa, as well as the law firm of Brown Rudnick LLP, and attorneys Elizabeth Ritvo and Steven Veenema (collectively, "Fox Counsel").  *See* Lu Decl., at ¶ 3, Ex. B.

In the same action, Feldman further alleged against Shonda Rhimes, Touchstone Television Productions, American Broadcasting Companies, Inc., Mark Gordon, Greg Berlanti, Marc Guggenheim and the Walt Disney Company (collectively, the "Touchstone Defendants") that scenes, storylines and characters from her books and her personal life appeared in television shows *Grey's Anatomy*, *Private Practice*, *Eli Stone*, *All My Children* and *Cupid*.  *See Feldman*, 723 F. Supp. 2d at 361.  The Touchstone Defendants were represented by Foley Hoag LLP, and specifically by attorneys Jeffrey Follett, Michael Boudett, Elisa Nethercott and Paul Bork (collectively, "Touchstone Counsel").  *See* Lu Decl., at ¶ 3, Ex. B.

Feldman made limited claims against Mark Korman, the talent agent who represented *Journeyman* creator Falls, and against Endeavor, the talent agency Korman worked for. McCarter & English LLP and attorneys Kara Ann Lynch and Eric Belt represented Korman and Endeavor.  *See id.*  She also made limited claims against United Talent Agency ("UTA"), the

---

[2] The complaint alleged that Feldman had written four novels contained in *The Overlap Series: An Ordinary Hero; The Comfort of Strangers, The Red Tattoo;* and *Days of Grace.  See Feldman,* 723 F. Supp. 2d at 360.  At the time Feldman commenced her action, she had filed a copyright registration for *The Comfort of Strangers* and *An Ordinary Hero*, the only two books in the series that had been published.  *Id.* at 360, 364.  The registration certificate for *The Red Tattoo* had not yet issued when Feldman instituted her action.  *See id.* at 364.

agency where Korman worked before Journeyman was cancelled. UTA was represented by Zelle McDonough & Cohen LLP and attorney Thomas Evan.

The Fox Defendants, the Touchstone Defendants, Korman, Endeavor and UTA all moved to dismiss her complaint for failure to state a claim. On July 13, 2010, District Court Judge Douglas P. Woodlock issued a 22-page opinion and order dismissing the complaint in its entirety for two independent reasons: (1) because Plaintiff "failed to allege facts sufficient to demonstrate a reasonable opportunity of access to her *Overlap Series* books, and therefore cannot prove actual copying;" and (2) because there was no probative similarity when all of the elements that Plaintiff claimed Defendants copied were uncopyrightable elements such as general ideas, scènes à faire, and stock characters. *Feldman*, 723 F. Supp. 2d at 366; *see* Lu Decl., at ¶ 8, Ex. G. The court specifically acknowledged that, in disposing of the motions, it "review[ed] the parties' works referred to in the complaint to the extent necessary." *Feldman*, 723 F. Supp. 2d at 363; *see* Lu Decl., at ¶ 8, Ex. G.[3]

Feldman's motion to the district court for reconsideration of that decision was denied, as was her post-judgment motion to amend the complaint. *See* Lu Decl., at ¶ 3, Ex. B. She then appealed to the First Circuit Court of Appeals (Appeal Docket No. 10-2056 (1st Cir.)), which affirmed the district court's dismissal of her case. *See id.* at ¶ 4, Ex. C. Next, she petitioned the First Circuit for rehearing and rehearing en banc, but was denied by an Order dated June 1, 2011. *Id.*, at ¶ 5, Ex. D. Finally, she petitioned the United States Supreme Court for certiorari, which was denied. *Id.*, at ¶ 4, Ex. C.

---

[3] In part, Feldman now complains of the Fox Defendants' filing of two of her registered, published works, *An Ordinary Hero* and *The Comfort of Strangers*. The Fox Defendants filed copies of these works with the court so that it could undertake its copyright analysis of Feldman's works and the alleged infringing works.

**B.    Feldman Engages in Vexatious Litigation Conduct.**

Having exhausted all of her appeals, Feldman then proceeded to engage in a course of

conduct that was nothing short of vexatious.  She filed in the district court a motion to re-open

the case under Rule 60(a) and (b) and a "Motion to Rename a Document with a Proper Name."

*See id.*, at ¶ 3, Ex. B.  Feldman also filed several procedurally improper letters with the First

Circuit, which on June 1, 2011, issued an order denying Feldman's petition for rehearing,

declaring the appeal closed and directing that no further filing be submitted.  *See id.*, at ¶ 4, Ex.

C.  Six weeks later, Feldman ignored that order by filing with the First Circuit a request that the

district court be granted leave to act on her motion to re-open the case.  By order dated

September 16, 2011, the First Circuit denied her request as moot because the appeal had been

closed.  *See id.*  Thereafter, in October 2011, the district court denied her motion to re-open and

motion to re-name.  Feldman then went on to file another appeal to the First Circuit (Appeal

Docket No., 11-2368 (1st Cir.)), challenging the district court's denial of her two post-judgment

motions.  *See id.*, at ¶ 5, Ex. D.  In her papers, among other claims, she argued that she was

entitled to relief under Rule 60(b)(3) on the basis of alleged fraud by the opposing parties in the

form of "deliberate suppression of evidence."  *Id.*, at ¶ 6, Ex. E (Feldman App. Br. at 6-9, 12-13,

23-24, 27-28).  The First Circuit denied her appeal and granted in part the motions for sanctions

against Feldman in the form of double costs.  *Id.*, at ¶ 9, Ex. H.

**C.    In Her New Action, Feldman Seeks to Re-Litigate Her Dismissed Claims.**

Now, three years after her claims concerning alleged infringement of her *Overlap Series*

had been finally dismissed by the First Circuit, Feldman has commenced a new wave of

litigation.  Specifically, on May 27, 2014, Feldman filed this action naming 34 defendants,

including not only the Fox Counsel, the Touchstone Counsel, Counsel for Korman and

Endeavor, Counsel for UTA, the Fox Defendants, the Touchstone Defendants, Korman,

Endeavor and UTA, but also Judge Douglas P. Woodlock.[4]  Feldman's complaint (the

"Complaint"), among other things, "contends that defendants improperly were granted judgment

as Woodlock relied directly on evidence that he manufactured himself."  Compl. at ¶ 36.

Feldman also complains that the Court improperly ignored a conflict of interest between herself

and the Touchstone Counsel (*id.* at ¶ 49); that Judge Woodlock himself engaged in "secret

maneuverings" that "deliberately withheld the source of evidence upon which he relied," (*id.* at

¶ 81), and "fraudulently concealed material facts from the [First Circuit] panel" regarding items

the defendants submitted to the Court (*id.* at ¶ 97); that during the appeal, defendants falsely

represented to the First Circuit that Judge Woodlock had engaged in a full comparison between

Feldman's four books and the DVDs of television shows she claimed infringed her works, (*id.* at

¶¶ 104-108); and finally, that counsel, defendants and Judge Woodlock engaged in "character

assassination" by "painting her as ridiculous."  *Id.* at ¶ 116.

Woven among her unfounded accusations of fraud and conspiracy—all supposedly

perpetuated by multiple competing entertainment companies, their counsel and the Court—

Feldman once again presses the case for her already dismissed copyright claims against the Fox

Defendants and the alleged "fraud" that this Court already dismissed with prejudice.  Thus, she

again argues that access to her works was obtained by "digital invaders (hackers)" and that the

defendants are "guilty of (or complicit in) computer, phone and email invasion."  Compl. at ¶ 54.

Again and again, she conjures up an alleged fraud built on supposed suppression of evidence.  *Id.*

---

[4] A few weeks prior, on May 6, 2014, Feldman commenced a separate action in this Court (Civil Action No. 14-cv-12030 (D. Mass.)) also against the attorneys who represented the defendants in the previous litigation—the Touchstone Counsel, the Fox Counsel and counsel for Korman, Endeavor and UTA—as well as four of the Touchstone Defendants and a number of additional defendants, again alleging copyright infringement, but this time claiming that defendants conspired to infringe her *Overlap Series* in the TV series *Off the Map*.  *See* Lu Decl., at ¶ 7, Ex. F.  The Court denied Feldman's motion for a preliminary injunction (*id.*), finding Feldman "failed to make a sufficient showing of a likelihood of success on the merits of her copyright infringement claim."  *See id.*  The defendants have moved this Court to designate that action and the case at bar as related cases, or in the alternative to reassign; that motion is pending in this action.  *See* Docket No. 22.

at ¶¶ 39, 56-67, 71, 81.  And she presses her contention that substantial similarity between her works and *Journeyman*, the Fox Defendants' show, was established either by a showing that the same "plan, arrangement and <u>combination</u>" of elements was used (*id.* at ¶ 132, referencing prior Dkt. 74-76) (emphasis added) or her works were infringed by "blending several of her characters into fewer infringing characters" (*id.* at ¶¶ 133-136, referencing prior Dkt. 104).

Feldman lists three "claims for relief."  *First*, she seeks "reversal of sanctions against Feldman," and "[s]anctions against the instant defendants."  *Id.* at ¶ 211.  S*econd*, she seeks to "[v]acate the judgment and remand for new and fair trial on the merits of actual similarity."  *Id* at ¶ 212.  *Third*, she seeks "[c]urative amendment" to allow her the opportunity to offer a curative amendment before the complaint is dismissed with prejudice.  *Id.* at ¶ 213.

<h2 style="text-align:center">ARGUMENT</h2>

## I.    FELDMAN'S CLAIMS SHOULD BE DISMISSED BECAUSE HER COMPLAINT DOES NOT SATISFY BASIC PLEADING REQUIREMENTS

While a complaint need not contain more than "a short and plain statement of the claim showing that the pleader is entitled to relief," (Fed. R. Civ. P. 8(a)(2)), it still must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1970 (2007).  Feldman's Complaint is fatally flawed on its face, as it is devoid of plausible facts sufficient to state a claim against the Fox Defendants and Fox Counsel.

Determining whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009).  "The plausibility standard invites a two-step pavane."  *A.G. ex rel. Maddox v. v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013), *citing Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 45 (1st Cir. 2012).  At the first step, the Court "must

separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Morales-Cruz v. Univ. of P.R.,* 676 F.3d 220, 224 (1st Cir. 2012). At the second step, the court must determine whether the remaining factual content allows a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation marks omitted).

An allegation of a far-flung conspiracy or a fraud on the court—like Feldman's claims at issue here—may be "in a sense a factual allegation, [but] it is so subjective that it fails to cross 'the line between the conclusory and the factual.'" *Artuso v. Vertex Pharm., Inc.*, 637 F.3d 1, 9 (1st Cir. 2011), *quoting Twombly*, 550 U.S. at 557 n.5. A bare-boned, subjective allegation of this nature "cannot, without more, defeat a motion to dismiss for failure to state a claim." *Artuso*, 637 F.3d at 9. In other words, "a court does not accept as true allegations that while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory and the factual." *Air Sunshine, Inc. v. Carl*, 663 F.3d 27, 33 (1st Cir. 2011) (internal citations omitted) (dismissing claims on the grounds that they were not sufficiently alleged). Indeed, the Court should not accept "bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, or subjective characterizations, optimistic predictions, or problematic suppositions." *Gagliardi v. Sullivan,* 513 F.3d 301, 305 (1st Cir. 2008) (dismissing complaint).

In *Peñalbert-Rosa v. Foruno-Burset*, 631 F.3d 592, 594-95 (1st Cir. 2011), for example, where the plaintiff alleged that she had been discharged from public employment as a receptionist in violation of the First Amendment, the court dismissed her claim because there was "nothing in the complaint beyond raw speculation to suggest that the named defendants participated as perpetrators or accomplices" in the decision to terminate her employment. The

court noted that "Peñalbert's complaint does allege that personnel decisions in the executive mansion are within the authority of the governor, but nothing beyond speculation supports the further assertion that the governor or his chief of staff participated in the decision to dismiss Peñalbert." *Id.* at 596. The court further noted that "[i]f Peñalbert had any basis beyond speculation for charging any one of the named defendants with knowing participation in the wrong, it seems almost certain that this would have been mentioned." *Id.* While specific information, even if not in the form of admissible evidence, would have been enough to survive a motion to dismiss, the court emphasized that "pure speculation is not. This may seem hard on a plaintiff who merely suspects wrongdoing, but even discovery requires a minimum showing and 'fishing expeditions' are not permitted." *Id*; *see also Thomas v. Rhode Island*, 542 F.3d 944, 949 (1st Cir. 2008) (holding that a complaint failed to satisfy the *Twombly* standard where it included only sweeping allegations and "vague references" that defendants acts were "illegal and without lawful authority").

Here, Feldman's allegations that defendants, their counsel, and Judge Woodlock all conspired together in the *Feldman v. Fox* action to manufacture and conceal evidence are the kind of subjective and wild speculation that the Court need not accept as true. Feldman's sweeping allegations of wrongdoing contain nothing of substance to support her charges that a United States District Court Judge and a vast array of defendants and their counsel joined together to commit a fraud against Feldman. As but one example, she assumes as true, without any factual support, that defendant News Corp "was using other Federal courts to conceal evidence material to [Feldman's] claims," citing to unidentified "evidence" in other cases that would confirm "<u>every facet</u> of her claim of computer and phone line invasion."[5] Similarly,

---

[5] In particular, Feldman (repeatedly) cites to a decision in *FLOORgraphics v. News America Marketing In-Store Servs. Inc. et. al.*, 546 F. Supp. 2d 155 (D.N.J. 2008). However, that decision granted in part and denied in part the

Feldman objects to statements in the "Factual Background" section of the Decision, such as "Kevin Falls created and produced the series … *Journeyman*," *Feldman*, 723 F. Supp. 2d at 360; *see* Compl. at ¶ 75. She does not dispute the truth of this statement, but claims that the only way for Judge Woodlock to know this and other information was "for Woodlock to depose all 5 of these defendants *ex parte*," and that "he necessarily had acquired Foley and DWT/BR's full cooperation in foreclosing Feldman from participating in proceedings that directly affected her substantial rights." Compl. at ¶ 83. This inherently incredible claim of misconduct is quite clearly based on nothing more than implausible and unsubstantiated supposition. The remaining 200 plus paragraphs of the Complaint do not include anything more substantive than these "bald assertions … unsubstantiated conclusions … outright vituperation … subjective characterizations… [and] problematic suppositions," none of which is sufficient to survive a motion to dismiss. *Gagliardi*, 513 F.3d at 305.

The fact that Feldman is *pro se* does not relieve her of the burden of alleging sufficient facts and a "plausible" theory on which a recognized legal claim could be based. *Steele v. Turner Broad. Sys., Inc., et al.,* 607 F. Supp. 2d 258, 263 (D. Mass. 2009) (granting motion to dismiss copyright claim by *pro se* plaintiff, holding that otherwise, this "would grant too much leeway to a *pro se* plaintiff at the expense of orderly procedure and would deprive the defendants of clear notice of the allegations against them"); *see also McGee v. Benjamin*, No. 08-11818, 2012 WL 959377, at *9-10 (D. Mass. March 20, 2012) (granting motion to dismiss *pro se* plaintiff's copyright claims); *Calden v. Arnold Worldwide LLC*, No. 12-10874-FDS, 2012 WL 5964576 at *5 (D. Mass. Nov. 27, 2012) (same); *Dunn v. Brown*, No. 10-11383-FDS, 2011 WL 4499007, at *6 (D. Mass. Aug. 16, 2011) (same).

---

defendant's *motion in limine* to exclude the trial testimony of certain experts, and has no relevance to Feldman's action.

In short, even a simple review of Feldman's new complaint readily reveals that the incomprehensible and often conflicting claims are so "threadbare or speculative" that they do not cross the line to being factual and plausible. *Air Sunshine*, 663 F.3d at 33. This Court need not accept Feldman's "unsubstantiated conclusions" and "outright vituperation" and should dismiss the complaint. *Gagliardi*, 513 F.3d at 305.

## II. THE COMPLAINT SHOULD BE DISMISSED BECAUSE FELDMAN MAY NOT RE-LITIGATE HER PREVIOUS ACTION

Feldman's Complaint should be dismissed on the independent ground that the Complaint seeks to re-litigate the very same claims rejected by this Court in her previous action and by the First Circuit during her two appeals. While she brings this complaint under the guise of complaining about "fraud on the court" rather than a copyright action, she includes the same allegations she pled in her 2009 complaint, in her various motions for reconsideration, and in her appeals. Moreover, her three untitled claims for relief—for the court to vacate the previous decision and remand for a new trial, and for permission to amend her original 2009 complaint—erase any possible doubt that she is simply trying to overturn the Court's previous decision.

"One of the basic tenets of our system of jurisprudence is that of finality of judgments. The principle of finality is essential to ensure consistency and certainty in the law. This salutary principle is founded upon the generally recognized public policy that there must be some end to litigation." *U.S. v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 660 (1st Cir. 1990). "[A] final judgment on the merits of an action precludes the parties or their privies from re-litigating claims that were raised or could have been raised in that action," *Breneman v. US ex rel. FAA*, 381 F.3d 33, 38 (1st Cir. 2004) (internal citation omitted); *Isaac v. Schwartz*, 706 F.2d 15, 16 (1st Cir. 1983) ("The entry of a valid and final judgment on the merits extinguishes . . . all rights of a plaintiff to remedies against the defendant with respect to all or any part of a transaction, or

series of connected transactions, out of which the complaint arose") (internal quotations omitted).

The elements of *res judicata* under federal law are: "(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions." *Banco Santander de P.R. v. Lopez-Stubbe (In re Colonial Mortgage Bankers Corp.),* 324 F.3d 12, 16 (1st Cir. 2003). The court applies a "transactional" approach to the second prong of the test: "The necessary identity will be found to exist if both sets of claims—those asserted in the earlier action and those asserted in the subsequent action—derive from the common nucleus of operative facts." *Breneman v. US ex rel. FAA*, 381 F.3d at 38 (quoting *Gonzalez v. Banco Corp.,* 27 F.3d 751, 755 (1st Cir. 1994)).

*First*, having appealed her dismissal to the United States Supreme Court, Feldman cannot and does not dispute that she received a final judgment on the merits of her earlier action. *Second*, her new complaint grows out of the same underlying allegations of copyright infringement, computer and phone hacking, and concealment of evidence that she litigated in her previous action. *See supra*, Facts (C). *Third*, she sues the same defendants as before, with only the addition of their counsel and the judge who presided over the action. The Fox Counsel were in privity with the Fox Defendants such that *res judicata* applies to them as well. *See Davis Wright & Jones v. National Union Fire Ins.,* 709 F. Supp. 196 (W.D. Wa., 1989) (holding that a judgment in favor of a client operates as *res judicata* for the same claims against the client's law firm), *aff'd*, 897 F.2d 1021 (9th Cir. 1990). On these grounds, Feldman is barred from re-litigating her claims in this new action against either the Fox Defendants or the Fox Counsel.

## III. FELDMAN SHOULD BE ENJOINED FROM MAKING ADDITIONAL FILINGS WITHOUT LEAVE OF COURT

"A district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through the issuance of orders or the imposition of monetary sanctions for bad-faith, vexatious, wanton, or oppressive behavior. *Jones v. Soc. Sec. Admin.*, No. 03-12436-DPW, 2004 WL 2915290, at *4 (D. Mass. Dec. 14, 2004) (Woodlock, J.) (enjoining *pro se* plaintiff from making any additional filings in the court without first obtaining leave), *aff'd*, 150 F. App'x 1 (1st Cir. 2005). Specifically, federal courts possess discretionary powers to regulate the conduct of abusive litigants, including enjoining *pro se* plaintiffs from filing lawsuits without authorization by a district judge. *See Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980) (affirming injunction against *pro se* plaintiff); *see also Castro v. U.S.*, 775 F.2d 399, 410 (1st Cir. 1985) (affirming injunction against further litigation where plaintiffs' actions went beyond litigiousness and was a vendetta) (abrogated on other grounds).

Filings are frivolous when they are "either not well-grounded in fact or unwarranted by existing law or a good faith argument for an extension, modification or reversal of existing law." *Cruz v. Savage*, 896 F.2d 626, 632 (1st Cir. 1990). There can be no meaningful debate that Feldman's action is frivolous, given both the unfounded and outrageous accusations of wrongdoing she includes, and her apparently unceasing effort to reverse Judge Woodlock's decision, despite exhausting her appeals.

An injunction will make plain to Feldman that her previous litigation is over and her filing of vexatious and frivolous actions must cease.

# CONCLUSION

For the foregoing reasons, Defendants respectfully submit that the Court should grant

their motion to dismiss under Rule 12(b)(6), or, alternatively, under Rule 56(a), and enjoin the

Plaintiff from making additional filings without leave of Court.

Dated: August 8, 2014

Respectfully submitted,

*Defendants Twentieth Century Fox Film Corporation, News Corp, NBCUniversal Media, LLC, Kevin Falls, Davis Wright Tremaine LLP, Elizabeth McNamara and Monica Pa*

By their attorneys,

DAVIS WRIGHT TREMAINE LLP

*/s/ Elizabeth A. McNamara*
Elizabeth A. McNamara, *Pro Hac Vice*
Deborah A. Adler, *Pro Hac Vice*
1633 Broadway
New York, New York 100196708
Phone (212) 489-8230
Fax (212) 489-8340
lizmcnamara@dwt.com
deborahadler@dwt.com

- and -

PINKHAM BUSNY LLP

*/s/ Elise Busny*
Margaret M. Pinkham (BBO# 561920)
Elise Busny (BBO# 600320)
42 Pleasant Street
Woburn, MA 01801
781-933-6840
mpinkham@pinkhambusny.com
ebusny@pinkhambusny.com

*Defendants Brown Rudnick, LLP, Elizabeth Ritvo and Steven Veenema*

By their attorneys,

BROWN RUDNICK LLP

*/s/ Elizabeth A. Ritvo*
Elizabeth A. Ritvo (BBO #421440)
Jessica T. Lu (BBO #685424)
One Financial Center
Boston, MA 02111
Phone (617) 856-8249
Fax (617) 289-0415
eritvo@brownrudnick.com
jlu@brownrudnick.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was forwarded via the Court's electronic filing system to all parties of record and to Plaintiff by first class mail to Debra Feldman, 13 Aurora Lane, Salem, MA 01970, this 8th day of August, 2014.

/s/ Jessica T. Lu
Jessica T. Lu

61727320 v5-WorksiteUS-000009/0220