# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBRA FELDMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 14-12279-FDS |
| DOUGLAS P. WOODLOCK, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS

**SAYLOR, J.**

This dispute arises out of a prior action within this district. Plaintiff Debra Feldman, proceeding *pro se*, has filed a complaint against 34 named defendants and 75 unnamed defendants. The complaint seeks various types of relief in connection with a previous action brought by plaintiff for copyright violations that was dismissed in 2009. Seventeen of the named defendants were defendants in the prior action; the remaining seventeen consist of United States District Judge Douglas P. Woodlock, who presided over the prior action, and five law firms and eleven individual attorneys who represented defendants in the prior action.

All named defendants have moved to dismiss for failure to state a claim upon which relief can be granted. Eight defendants have also moved to dismiss for lack of jurisdiction. For the reasons stated below, the motions to dismiss for failure to state a claim will be granted and the motions to dismiss for lack of jurisdiction will be denied as moot. Accordingly, all of plaintiff's pending motions will be denied and the action will be dismissed.

## I. Background

Plaintiff Debra Feldman is the author of a series of books, *The Overlap Series*. *Feldman*, 723 F. Supp. 2d at 360. In 2009, she brought suit against various television networks, producers, creators, writers, and talent agents alleging copyright infringement, misappropriation, unfair competition, and unjust enrichment. *See Feldman v. Twentieth Century Fox Film Corp.*, 723 F. Supp. 2d 357 (D. Mass. 2010) (Woodlock, J.). On July 13, 2010, the district court granted defendants' motions to dismiss for failure to state a claim upon which relief can be granted. *Id.* at 360. The court found that plaintiff "failed to allege facts sufficient to demonstrate a reasonable opportunity of access to her *Overlap Series* book" and failed to provide evidence of probative similarity to any copyrightable elements. *Id.* at 366. As a result, the court found that plaintiff could not prove actual copying. *Id.* at 367. The court also found that plaintiff's state law claims of misappropriation, unfair competition, and unjust enrichment were preempted because they were based on the same conduct as her copyright claim. *Id.* at 368.

On April 15, 2011, the First Circuit affirmed the dismissal. *See Feldman v. Twentieth Century Fox, et al.*, No. 10-2056 (1st Cir. Apr. 15, 2011), *cert. denied*, No. 11-6141 (Oct. 31, 2011). The First Circuit stated that "[a]lthough [plaintiff] believes that the defendants copied her works, her claims are not adequate to create a triable issue of copyright infringement." *Id.* On October 31, 2011, the Supreme Court denied plaintiff's petition for writ of certiorari. *Feldman v. Twentieth Century Fox*, 132 S.Ct. 514 (Mem.) (2011).

On October 6, 2011, the district court denied plaintiff's motion to reopen the case. On May 30, 2012, the First Circuit affirmed the order of the district court and found that "the district

court did not abuse its discretion in denying appellant's motion to reopen the judgment in this case." *Feldman v. Twentieth Century Fox, et al.*, No. 11-2368 (1st Cir. May 30, 2012).

In the present action, Feldman asserts claims under 42 U.S.C. § 1983, alleging various violations of her constitutional and other legal rights. (Complaint, ¶ 32.) The complaint names as defendants (1) Judge Woodlock, who presided over her 2009 copyright infringement action, (2) eleven attorneys and five law firms who represented the defendants in the 2009 action, and (3) seventeen defendants from the 2009 action, consisting of television networks, producers, creators, and writers of various television shows, talent agents, and talent agencies.[1] Feldman paid the filing fee for this action and summons issued as to all defendants. Several defendants filed waivers of service.

Feldman has filed the following motions: (1) a motion for preliminary discovery; (2) a motion to recuse counsel and to preclude a particular law firm (Fish & Richardson P.C.) from representing any defendants; (3) a motion to amend the complaint; (4) a motion to strike the memorandum in support of the motion to dismiss by the Twentieth Century Fox defendants; (5) a further motion to recuse counsel; (6) a motion to designate the memorandum in support of the motion to dismiss of the Touchstone defendants as a "fraudulent instrument"; (7) a motion to designate Disney's affidavit supporting its motion to dismiss as a "fraudulent instrument"; (8) a motion for protective order; (9) a motion for default judgment as to Evans; (10) a motion for a

---

[1] Various of the defendants appear jointly, as follows: (1) the Twentieth Century Fox defendants: Twentieth Century Fox Film Corporation (erroneously named by plaintiff as Twentieth Century Fox, Twentieth Century Fox Television and Twentieth Century Fox Group), News Corp., NBC Universal Inc., Kevin Falls, Davis Wright Tremaine LLP, Elizabeth McNamara, Monica Pa, Brown Rudnick LLP, Elizabeth Ritvo and Steven Veenema; (2) the WME defendants: William Morris Endeavor Entertainment and Marc Korman ("WME defendants"); (3) the M&E defendants: WME Defendants' counsel McCarter & English LLP, Erik Belt and Kara Ann Lynch; (4) the Touchstone defendants: Shonda Rhimes, The Walt Disney Company, American Broadcasting Companies, Inc., Touchstone Television Productions, LLC, Deluxe Pictures, Inc., Mark Gordon, Greg Berlanti, Marc Guggenheim, Foley Hoag LLP, Michael Boudett, Jeffrey Follett, Paul Bork and Elisa Nethercott.

3

default judgment as to Zelle McDonough & Cohen; (11) a motion for a default judgment as to United Talent Agency; (12) a second motion to amend the complaint; (13) a motion to file a consolidated reply to two separate defendant responses to her motion to amend; and (14) a motion for an extension of time to file such a consolidated reply.

All defendants have filed motions to dismiss for failure to state a claim. There are seven such motions in total: one each from defendants Woodlock, United Talent Agency, Evans, and Zelle McDonough & Cohen; one from the Twentieth Century Fox defendants; one from the Touchstone defendants; and one from the WME and M&E defendants collectively. Defendant Woodlock further contends that Feldman's claims are precluded by the doctrine of absolute judicial immunity.[2]

Eight defendants have together filed two motions to dismiss for lack of personal jurisdiction. One such motion was filed by the WME defendants and the other was filed by defendants Berlanti, Gordon, Guggenheim, Rhimes, Deluxe Pictures, and Disney collectively.

## II. Legal Framework

### A. Pleading Standards

Rule 12 of the Federal Rules of Civil Procedure provides that a complaint can be dismissed for, among other things, "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). To state a claim, a complaint must set forth (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought."

---

[2] The Touchstone defendants have also filed a motion to designate this case as related to *Feldman v. Rhimes, et al*, No. 14-12030.

4

Fed. R. Civ. P. 8(a).

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the facts as alleged do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (alterations omitted) (internal quotation marks omitted).

For the purpose of analyzing a motion to dismiss, the Court must construe the complaint generously because plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004). A document filed by a *pro se* party "is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); s*ee* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). "Nevertheless, a litigant's exercise of [her] right to self-representation does not exempt [her]

from complying with the relevant rules of procedural and substantive law." *Martinez-Machicote v. Ramos-Rodriguez*, 553 F. Supp. 2d 45, 49 (D.P.R. 2007).

   **B.**   **42 U.S.C. § 1983**

The complaint asserts a cause of action under 42 U.S.C. § 1983. Section 1983 creates a private right of action through which plaintiffs may recover against state actors for constitutional violations. *Goldstein v. Galvin*, 719 F.3d 16, 24 (1st Cir. 2013). "A claim under § 1983 has two 'essential elements': the defendant must have acted under color of state law, and his or her conduct must have deprived the plaintiff of rights secured by the Constitution or by federal law." *Gagliardi v. Sullivan*, 513 F.3d 301, 306 (1st Cir. 2008).

**III.**   **Analysis**

   **A.**   **Judicial Immunity**

Absolute judicial immunity protects a federal judge from acts performed within the scope of his or her jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damage."); *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967) (absolute judicial immunity protects integrity of judicial process).[3] "'Absolute judicial immunity protects judges from 'civil liability for any normal and

---

[3] As one court has remarked:

> [T]he nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have . . . . [T]his is the principal characteristic that adjudication has in common with legislation and with criminal prosecution, which are the two other areas in which absolute immunity has most generously been provided. If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.

*Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d Cir. 2000) (quoting *Forrester v. White*, 484 U.S. 219, 226-27 (1988)).

6

routine judicial act,' except those taken in the 'clear absence of all jurisdiction.'" "The protection afforded by an absolute immunity endures even if the official acted maliciously and corruptly in exercising his judicial or prosecutorial functions." *Goldstein v. Galvin*, 719 F.3d 16, 24 (1st Cir.2013) (internal quotation marks omitted).

Here, the acts that form the basis of the complaint against Judge Woodlock were unquestionably performed within the scope of his duties. Therefore, the claims against defendant Woodlock are barred by judicial immunity.

### B. Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6)

The Touchstone defendants, the Twentieth Century Fox defendants, the WME and M&E defendants, and defendants United Talent Agency, Evans, and Zelle McDonough & Cohen have each moved to dismiss for failure to state a claim. Because the allegations fail to state a valid claim and are barred by the doctrine of claim preclusion, the motions will be granted.

#### 1. Civil Rights Claims

A plaintiff cannot maintain an action under Section 1983 unless the defendant has "acted under color of state law." *Id.* Private entities qualify as state actors, liable under Section 1983, only where their actions are "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Actions may be fairly attributable to the state where the private actor "assumes a traditional public function," "the challenged conduct is coerced or significantly encouraged by the state," or the state and private party are in a "position of interdependence." *Santiago v. Puerto Rico*, 655 F.3d 61, 68 (1st Cir. 2011).

The actions of the attorneys and law firms do not fit into any of those three categories. Using the judicial process, or defending an action in court, does not convert one into a state

7

actor. Accordingly, the Section 1983 claims against the attorneys and law firms will be dismissed.

## 2. Claim Preclusion

The defendants common to this action and the 2009 action contend that plaintiff's claims are barred by the doctrine of claim preclusion. Claim preclusion, or *res judicata*, prohibits parties from contesting issues that they have had a "full and fair opportunity to litigate." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Claim preclusion requires proof of three elements: "(1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related." *Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 14 (1st Cir. 2010).

The first element of claim preclusion is that the earlier suit must have resulted in a final judgment on the merits. *Airframe*, 601 F.3d at 14. On July 13, 2010, the district court granted defendants' motions to dismiss for failure to state a claim upon which relief can be granted. On April 15, 2011, the First Circuit affirmed the dismissal. The district court's dismissal of plaintiff's prior action constitutes a final judgment on the merits for purposes of claim preclusion. *See Airframe*, 601 F.3d at 14 (citing *AVX Corp. v. Cabot Corp.*, 424 F.3d 28, 30 (1st Cir. 2005)) (holding that dismissal for failure to state a claim is "plainly a final judgment on the merits"). The first element is therefore satisfied.

The second element of claim preclusion is that the claims asserted in the earlier and later suits must be sufficiently identical or related. *Airframe*, 601 F.3d at 14. If the two claims are "founded upon the same transaction, [arise] out of the same nucleus of operative facts, and [seek]

8

redress for essentially the same basic wrong," the claims are sufficiently identical or related. *Kale v. Combined Ins. Co. of Am.*, 924 F.2d 1161, 1166 (1st Cir. 1991). Here, plaintiff pleads the same nucleus of operative facts and in effect seeks to reopen her previous case. The second element of claim preclusion is therefore satisfied.

Finally, for the doctrine of claim preclusion to apply, the parties in the suits must be sufficiently identical or closely related. *Airframe*, 601 F.3d at 14. Here, the defendants to the prior action are also defendants to this action.

The three requirements of claim preclusion have therefore been met, and the doctrine bars plaintiff's claims against all defendants common to this action and the 2009 action. Accordingly, the motions to dismiss for failure to state a claim will be granted.[4]

### C. Motions to Dismiss for Lack of Personal Jurisdiction

Eight defendants—the WME defendants and defendants Berlanti, Gordon, Guggenheim, Rhimes, Deluxe Pictures, and Disney—have moved to dismiss for lack of personal jurisdiction. Where a defendant has moved to dismiss on both jurisdictional and substantive grounds, and "the substantive merits underlying the issues are facilely resolved in favor of the party challenging jurisdiction, the jurisdictional inquiry may be avoided." *Kotler v. Am. Tobacco Co.*, 926 F.2d 1217, 1221 (1st Cir. 1990), *vacated on other grounds*, 505 U.S. 1215 (1992). Because the substantive issues underlying the non-jurisdictional motions to dismiss are easily resolved in favor of defendants, the jurisdictional motions need not be addressed.

---

[4] This Court need not afford plaintiff an opportunity to amend her complaint, as this would be an exercise in futility and a waste of judicial resources.

**D.	Warning to Plaintiff as to Further Claims**

Several defendants have requested that the court issue an order enjoining plaintiff from filing without leave of the court. A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. *Elbery v. Louison*, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. Dec. 17, 1999) (per curiam) (citing *Cok v. Family Court of Rhode Island,* 985 F.2d 32, 34 (1st Cir. 1993)).[5] A court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior. *See Chambers v. Nasco, Inc.,* 501 U.S. 32, 46-50 (1991); *accord United States v. Kouri-Perez*, 187 F.3d 1, 6-8 (1st Cir. 1999); *John's Insulation, Inc. v. L. Addison & Assocs.*, 156 F.3d 101, 109 (1st Cir. 1998) (district court did not abuse its discretion in ordering dismissal of complaint and default judgment as a sanction for plaintiff's protracted delay and repeated violation of court's order under inherent powers rather than Rule 41).

Plaintiff's assertion of claims against the judge and counsel from her earlier litigation constitutes an abusive and vexatious litigation practice, potentially warranting the imposition of sanctions. Plaintiff is hereby warned that if she continues to file lawsuits similar to the 2009 lawsuit, or arising out of the same or similar facts, she may be enjoined from filing any new or additional claims, cases, complaints, or other documents in this court, without first obtaining

---

[5] Vexatious conduct occurs where a party's actions are "frivolous, unreasonable, or without foundation." *Local 285 Serv. Employees Int'l v. Nontuck Res. Assoc., Inc.*, 64 F.3d 735, 737 (1st Cir. 1995) (internal citations omitted); accord *Alexander v. United States,* 121 F.3d 312, 315-16 (7th Cir. 1997) (sanction appropriate when "objectively unreasonable litigation-multiplying conduct continues despite a warning to desist"). Vexatious conduct may be found even in the absence of subjective bad intent, *Local 285 Serv. Employees Int'l*, 64 F.3d at 737.

written approval from the Court.[6]

**V.     Conclusion**

For the foregoing reasons:

1.      Defendants' motions to dismiss for failure to state a claim are GRANTED.

2.      Defendants' remaining motions are DENIED as moot.

3.      Plaintiff's pending motions are DENIED.

**So Ordered.**

                                                                                     /s/ F. Dennis Saylor
                                                                                     F. Dennis Saylor IV
Dated: December 17, 2014                                United States District Judge

---

[6] Under Rule 11, the court may impose sanctions on an unrepresented party if he or she submits a pleading for an improper purpose or if the claims within it are frivolous or malicious. *See* Fed. R. Civ. P. 11(b)(1)(2); *Eagle Eye Fishing Corp. v. Dep't of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994) ( pro se parties, like all parties and counsel, are required to comply with the Federal Rules of Civil Procedure); *Pronav Charter II, Inc. v. Nolan*, 206 F. Supp. 2d 46, 53 (D. Mass. 2002) (Rule 11 applies to pro se litigants) (citation omitted). Rule 11 exists, in part, to protect defendants and the court from wasteful, frivolous and harassing lawsuits, and provides for sanctions as a deterrent. *See Navarro–Ayala v. Nunez*, 968 F.2d 1421, 1426 (1st Cir. 1992).